# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| COLLATERALEDGE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV425-115 |
| | ) | |
| COLONIAL TERMINALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Defendant Colonial Terminals, Inc., seeks leave to file certain exhibits to its Motion for Summary Judgment under seal. Doc. 71. Plaintiff does not oppose the request. *See generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5. The exhibits are:

Exhibit D: Susser Bank Credit Agreement;

Exhibit E: Susser Bank Security Agreement;

Exhibit F: Affidavit of Mike Chryssikos;

Exhibit G: Deposition transcript of CollateralEdge LLC's Rule 30(b)(6) representative, Joseph Beard; and

Exhibit J: Assignment and Assumption between Susser Bank and Collateral Edge, LLC.

Doc. 71 at 1-2. Defendant has submitted the proposed sealed material to the Court for its review. *See* S.D. Ga. L. Civ. R. 79.7.

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "[T]he common-law right of access includes the right to inspect and copy public records and documents." *Chi. Tribune Co.*, 263 F.3d at 1311 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero*, 480 F.3d at 1245. The Eleventh Circuit reaffirmed this standard, finding that the public right of access is presumed for "judicial records," which include "documents filed with pretrial motions that require judicial resolution of the merits of an action." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356,

1363 (11th Cir. 2021) (internal citation and quotations omitted). The documents the parties seek to seal are judicial records.

A party can overcome the common-law right of access by a showing of good cause. *Callahan*, 17 F.4th at 1363. A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (internal quotation marks and alterations omitted) (quoting *Chi. Tribune Co.*, 263 F.3d at 1309). In weighing these competing interests, the Court considers "a number of important questions," which the Eleventh Circuit discussed in Callahan:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. Concerns about trade secrets or other proprietary information, for example, can overcome the public interest in access to judicial documents. Indeed, a court should consider whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage.

*Callahan*, 17 F.4th at 1363 (internal quotation marks and citations omitted). The decision of whether good cause exists rests with the sound discretion of the district court, is based on the "nature and character of

the information in question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." *Chi. Tribune Co.*, 263 F.3d at 1311 (quoting *Nixon*, 435 U.S. at 603) (internal quotation marks and alterations omitted), 1315.

A review of the materials submitted for sealing shows that they contain the same type of sensitive financial information as is contained in the documents the Court previously authorized to be filed under seal. *See, e.g.* doc. 57 at 6; doc. 8 at 1. Defendant's Motion also explains that the documents contain proprietary information related to the business operations and systems of non-party Susser Bank. Doc. 71 at 2 n. 1. Therefore, for good cause shown, Defendant's Motion is **GRANTED**. Doc. 71. Clerk is **DIRECTED** to maintain the following Exhibits to Defendant's Motion for Summary Judgment, doc. 72, **UNDER SEAL** until further Order of the Court:

Exhibit D: Susser Bank Credit Agreement;

Exhibit E: Susser Bank Security Agreement;

Exhibit F: Affidavit of Mike Chryssikos;

Exhibit G: Deposition transcript of CollateralEdge LLC's Rule 30(b)(6) representative, Joseph Beard; and

Exhibit J: Assignment and Assumption between Susser Bank and Collateral Edge, LLC.

**SO ORDERED,** this 17th day of August, 2026.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA